DIEMER & WEI, LLP
KATHRYN S. DIEMER, #133977
100 W. San Fernando Street, Suite 555
San Jose, California 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271


JASON R. KLINOWSKI (*Pro Hac Vice to be requested*)
Email: jklinowski@wallacejordan.com
WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Telephone: (205) 870-0555
Facsimile: (205) 874-3278

*Attorneys for Plaintiff Mastronardi International Limited*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| MASTRONARDI INTERNATIONAL LIMITED, | |
| Plaintiff, | CASE NO.: |
| v. | COMPLAINT |
| SUNSELECT PRODUCE (CALIFORNIA), INC., | |
| Defendant. | |

## COMPLAINT

Mastronardi International Limited ("*Plaintiff*"), as and for its Complaint against SunSelect Produce (California), Inc. ("*Defendant*") respectfully alleges as follows:

## THE PARTIES

1.      Plaintiff is now and was at all times material to the complaint a corporation organized and doing business under the laws of the State of Michigan. Its principal place of business being Livonia, Michigan.

COMPLAINT

- 1 -

2. Plaintiff is now and was at all times material to the complaint engaged in business of buying and selling wholesale quantities of perishable agricultural commodities (hereinafter "*Produce*") in interstate and foreign commerce.

3. Plaintiff trades in fresh fruit and vegetable commodities the United States Department of Agriculture ("*USDA*") expressly recognizes as commodities covered under the provisions of the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. 499a-499t (2017) ("*PACA*").

4. Plaintiff is the holder of PACA license number 20160966, which the USDA issued to Plaintiff on or about July 29, 2016 and is now and was active at all times material to the complaint.

5. Defendant is a California corporation, having its principal place of business located in Tehachapi, California.

6. Defendant is engaged in the business of growing, cultivating, raising, and harvesting Produce for marketing and, therefore, is a "grower" of Produce as defined by PACA.

7. Defendant is engaged in the business of contracting with third parties, such as Plaintiff herein, to grow, cultivate, harvest, and produce certain types and quantities of Produce pursuant to written contract terms.

8. Defendant is the holder of PACA license number 20170398, which the USDA issued to Defendant on or about February 2, 2017 and is now and was active at all times material to the complaint.

9. At all times relevant hereto, Defendant was engaged in the business of selling wholesale or jobbing[1] quantities of Produce in interstate commerce.

---

[1] "Wholesale or jobbing quantities," as used in 7 U.S.C. § 499a(6), means aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received.

COMPLAINT

- 2 -

10.    At all times relevant hereto, Defendant was engaged directly or indirectly in the business of selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by PACA.

11.    The USDA provides a list of Produce covered under PACA, which includes tomatoes.

12.    On or about January 30, 2017, Plaintiff and Defendant entered into a written agreement wherein Plaintiff was to purchase, and Defendant was to grow, cultivate, produce, and harvest, certain Produce from Defendant at a fixed price upon certain terms and conditions (the "*Agreement*"). A true and correct copy of the parties' Agreement is attached hereto as Exhibit A.

13.    The dispute and issues identified in this complaint have been referred to the executive officers of the parties in a good faith effort to resolve the same without litigation. *See* Exhibit A at Pg. 7, § 22.

14.    Despite Plaintiff's demands and non-judicial dispute resolution attempts, as set forth in the Agreement, the parties have been unable to reach an amicable resolution to the disputes set forth in this complaint.

## JURISDICTION AND VENUE

15.    The District Court has jurisdiction over this civil action arising under § 2 of PACA, 7 U.S.C. 499e(b)(2), pursuant to 28 U.S.C. § 1331. Moreover, the District Court's jurisdiction under section 499e(b)(2) is also applicable because the parties' Agreement clearly states that "nothing in this Agreement shall waive any rights of a Party or its agent under the PACA and each agrees that the other, or its agent, may exercise all and any rights it may have under PACA, including all trust rights, provided that in the event of a conflict between the PACA rights and express provisions of this Agreement, the PACA rights shall be enforceable taking into

COMPLAINT

- 3 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

account such express provisions of this Agreement (including payment terms). *See* Exhibit A at Pg. 4, § 12.

16.    The District Court's jurisdiction under section 499e(b)(2) is further applicable because the parties' Agreement clearly states, in relevant part, that "if the chief executive officers are unable to resolve the dispute, the dispute shall be settled under procedures set out in PACA, if applicable...." *See* Exhibit A at Pg. 7, § 22.

17.    As set forth in section 499e(b)(2) of PACA, liability for violating any provision of section 499b of PACA may be enforced by suit in any court of competent jurisdiction.

18.    The District Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1337 because PACA qualifies as an "Act of Congress regulating commerce" and several of Plaintiff's claims herein arise under 7 U.S.C. § 499e(b)(2), 7 U.S.C. § 499p, and 7 C.F.R. § 46 *et seq.*

19.    The Court also has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the matter in controversy exceeds $75,000.00, exclusive of any claims for the recovery of exemplary damages, pre or post judgment interest, costs, or reasonable attorneys' fees.

20.    The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a) and (b).

21.    Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and Defendant's office is located within this district.

22.    Venue is further appropriate because the parties' Agreement clearly states, in relevant part, that "this Agreement will be regulated, governed and understood according to the laws within the State of California, USA, without regard to its principals of conflicts of law...

COMPLAINT                                                         - 4 -
WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

[Plaintiff] and [Grower] irrevocably submit to the non-exclusive jurisdiction of the courts of the State of California, USA and hereby irrevocably agree that all claims in respect of such action or proceeding may be heard and determined in such court. *See* Exhibit A at Pg. 8, § 23.

## FACTUAL ALLEGATIONS

23. On or about January 30, 2017, Plaintiff and Defendant entered into an Agreement setting forth the terms and conditions upon which the parties would engage in a series of Produce transactions involving Defendant's agreement to utilize eight (8) growing acres to grow, cultivate, harvest, package, and sell Plaintiff tomatoes (Piccolo Variety) beginning in May of 2017.

24. Under the Agreement, Defendant represented to Plaintiff that it would grow such Produce in a designated greenhouse facility on the lands described in the Agreement as the "*Facility*," which is located at 26614-288898 Pellisier Road, Tehachapi, California 93561.

25. Defendant agreed to grow and package the Products from the Facility. Any additional or change in the geographic location of the Facility was required to be agreed to by the Parties in writing.

26. The Parties have not agreed upon any additions or changes in the geographic location of the Facility set forth in the Agreement.

27. Defendant was responsible for the production, management, administration and operation of the Facility.

28. Defendant was responsible for and obligated to grow, cultivate, harvest, and pack all tomatoes grown or contracted to be grown and sold to Plaintiff under the Agreement.

29. Additional material terms of the Agreement are:

COMPLAINT

- 5 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

a.      Defendant shall purchase the Piccolo Variety Seeds for the manufacture of the Products[2] at the Facility from Plaintiff;

b.      Defendant agreed to only plant and manufacture Products from the Seeds Plaintiff sold to Defendant. Defendant also agreed not sell, procure or allow the sale of Seeds to any person or otherwise and all Seeds shall be used only for purposes of the Agreement for the sole benefit of Plaintiff;

c.      Plaintiff or its affiliate was to purchase and Plaintiff was to supply to Defendant Plaintiff approved and labeled packaging materials for use by the Defendant for the Products;

d.      Defendant was produce, pack and have the Product ready for pick up by Plaintiff from the Facility;

e.      The quality standards for the Product is (a) for "On the Vine" Product is USDA "U.S. No. 1." as set out in USDA Standards for Grades of Tomatoes on the Vine effective January 17, 2008 with the tolerances specified in such standards including Sections 51.2165 to 51.2180 inclusive; and (b) for "Loose" shall be the same as "On the Vine" save except that the tomatoes are not attached to a vine or packaged with a vine (collectively, the standards for On the Vine and Loose;

f.      Plaintiff was the exclusive purchaser of one- hundred percent (100%) of the production of the Products from the Facility that meet the #1 Product Standards and was required to purchase all Products that meet the # 1 Product Standards produced by Defendant in accordance with the terms and conditions of the Agreement;

---

[2] Capitalized terms not defined herein shall have the meaning assigned to them in the parties' Agreement.

COMPLAINT

- 6 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

g.    Defendant was to harvest the Products for the twelve consecutive months or such greater or lesser period as determined by Defendant in consultation with Plaintiff, as may be practicable and feasible taking into account production costs, revenues, profit production levels or a force majeure ("*Harvest Period*");

h.    The initial term of the Agreement commenced upon execution of the Agreement and end upon the earlier of (a) the last Delivery of Product that meets the #1 Product Standard by Defendant in the initial Harvest Period; and (b) twelve months after the final planting of the Product by the Defendant; and

i.    Subject to the terms of this Agreement, Plaintiff was appointed by Defendant as the sole and exclusive purchaser of the Products. Defendant agreed that it would not directly or indirectly cause any Product that meets the #1 Product Standard to be sold, transferred or distributed, except to Plaintiff.

30.    Pursuant to the terms of the Parties' Agreement, Plaintiff contracted to purchase Produce from Defendant on an "FOB acceptance final" basis with Defendant to tender all Produce to Plaintiff at the Facility.

31.    The Parties' Agreement involved a California corporation selling Produce it raised exclusively for a Michigan corporation buyer.

32.    The Parties Agreement provided for the sale of Produce in interstate commerce.

33.    Defendant breached the Agreement by failing or refusing to deliver the Products to Plaintiff during the Harvest Period or otherwise.

COMPLAINT

- 7 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

34.     Upon information and belief[3], Defendant did grow the Products and sold the Products to persons or entities other than Plaintiff in violation of the Agreement and Defendant's duties to Plaintiff thereunder.

35.     Defendant's actions and inactions further harmed Plaintiff because Plaintiff advanced monies to Defendant in accordance with the Agreement and with the expectation it would receive 100% of the Products.

**FIRST CAUSE OF ACTION**
**Unfair Trade Practice – Failure to Deliver Produce (§ 499b(2))**

36.     Plaintiff re-alleges paragraphs 1 through 14 and 23 through 35 as though fully set forth herein.

37.     Pursuant to the terms of the Parties' Agreement, Plaintiff contracted to purchase or buy all (i.e., 100%) of the Products or Produce Defendants were able to grow, cultivate and harvest from 8 growing acres of designated land located within its greenhouse Facility.

38.     Pursuant to the terms of the Parties' Agreement, Defendant agreed to grow, cultivate, harvest, and pack all Products it grew on 8 growing acres of land located within its greenhouse Facility.

39.     Defendant agreed to start Product production in May of 2017 and continue thereafter for the full crop year.

---

[3] On or upon "information and belief," as used herein, means Plaintiff is informed and believes a fact or condition to be true and, upon such information and belief, alleges the fact or condition in connection with the instant complaint. Plaintiff's information and beliefs are based upon investigation and derived from such sources as: Plaintiff's conversations with Defendant, e-mail correspondence with Defendants, publicly available government documents, relevant statements or information contained on Defendant owned or controlled websites, Plaintiff's communications with Defendant, Plaintiff and Defendants' relevant produce transaction documents, and relevant third party documents.

COMPLAINT                                    - 8 -

40.     Pursuant to the terms of the Parties' Agreement, Plaintiff contracted to purchase Produce from Defendant on an "FOB acceptance final" basis with Defendant to tender all Produce to Plaintiff at the Facility.

41.     The Parties' Agreement involved a California grower selling Produce it raised exclusively for a Michigan buyer and therefore the Agreement touched, concerned, and otherwise involved interstate commerce.

42.     Defendant breached it Agreement with Plaintiff in that Defendant failed or refused to deliver any of the Product or Produce Plaintiff contracted to purchase from Defendant.

43.     Defendant's actions and inactions as alleged in this Count I constitute both a material breach of the Parties' Agreement and a violation by Defendants of Section 2 of PACA.

44.     Defendant failed to demonstrate to or otherwise provide Plaintiff with any meaningful explanation or verifiable or other just cause for its failure or refusal to deliver any of the Product or Produce Plaintiff contracted to purchase from Defendant.

45.     As a direct and proximate result of Defendant's violation of Section 2 of PACA, Plaintiff incurred damages in an amount to be determined at trial, but in amount not less than the liquidated amount of $400,000.00, plus an additional award of prejudgment interest, exemplary or punitive damages, and all costs of enforcement and collection, including reasonable attorneys' fees. *See* Exhibit A at Pg. 5, § 16(a).

## SECOND CAUSE OF ACTION
### Unfair Trade Practice – Make False or Misleading Statement (§ 499b(4))

46.     Plaintiff re-alleges paragraphs 1 through 14 and 23 through 35 as though fully set forth herein.

COMPLAINT

- 9 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

47. As set forth in the Parties' Agreement, Defendant represented to Plaintiff and otherwise agreed that it would to grow, cultivate, harvest, and pack all Products it grew on 8 growing acres of land located within its greenhouse Facility, 100% of which would be sold to Plaintiff.

48. As set forth in the Parties' Agreement, Defendant represented to Plaintiff and otherwise agreed that it would only use Plaintiff's seeds to grow, cultivate, harvest, and pack all Products it grew on 8 growing acres of land located within its greenhouse Facility, 100% of which would be sold to Plaintiff.

49. As set forth in the Parties' Agreement, Defendant represented to Plaintiff and otherwise agreed that it would not directly or indirect cause any Product that meets the #1 Product Standard to be sold, transferred or distributed, except to Plaintiff as provided in the Agreement.

50. Pursuant to the Parties' Agreement, Defendant agreed that any breach in exclusivity of this Agreement by Defendant will result in Defendant paying to Plaintiff liquidated damages in the sum of $50,000 US dollars per acre of the Facility dedicated to production of the Product. *See* Exhibit A at Pg. 5, § 16(a).

51. Defendant further agreed to fully indemnify Plaintiff, and to fully provide for all costs incurred by Plaintiff in enforcing this indemnity. *See* Exhibit A at Pg. 5, § 16(a).

52. The Parties agreed that the Liquidated Damages provision of the Agreement shall survive termination or expiration of the Agreement.

53. Defendant's aforementioned statements or representations to Plaintiff were false and misleading and Defendant knew the statements were false at the time it made the statements to Plaintiff.

COMPLAINT
- 10 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

54.     Defendant's aforementioned statements or representations to Plaintiff were false and misleading and Defendant made such statements or representations to Plaintiff recklessly and without regard to the truth.

55.     Defendant's aforementioned false and misleading statements or representations relate directly to the Parties' Produce purchase Agreement.

56.     Defendant made the aforementioned false and misleading statements or representations to Plaintiff with the intent that Plaintiff rely on said statements or representations.

57.     Plaintiff did in fact reasonably rely upon Defendant's false and misleading statements or representations when it entered into the Agreement and fulfilled its obligations to Defendant thereunder.

58.     In reliance upon Defendant's aforementioned false and misleading statements or representations, Plaintiff purchased and supplied Defendant with plates / tooling for the packaging equipment Plaintiff provided Defendant.

59.     In reliance upon Defendant's aforementioned false and misleading statements or representations, Plaintiff purchased and supplied Defendant with packaging material specifically for the Product identified in the Agreement.

60.     Upon information and belief, Defendant made the aforementioned false and misleading statements or representations to Plaintiff for the fraudulent purpose of inducing Plaintiff to enter into the Agreement.

61.     Upon information and belief, Defendant made the aforementioned false and misleading statements or representations to Plaintiff for the fraudulent purpose of securing an agreed upon or fixed price for all Product grown on 8 growing acres at its Facility during the term of the Agreement.

COMPLAINT

- 11 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

62.    Upon information and belief, Defendant utilized the 8 growing acres identified in the Agreement and designated within its greenhouse Facility for purposes other than those set forth in the Parties' Agreement.

63.    Defendant's use of the 8 growing acres designated within its greenhouse Facility for purposes other than those set forth in the Parties' Agreement during the Term of the Agreement constitutes a breach or violation by Defendant of the Agreement's exclusivity provision. *See* Exhibit A at Pg. 4, § 14(a) and Pg. 5, § 15.

64.    Defendant's breach or violation of the Agreement's exclusivity provision results in Defendant's immediate obligation to pay Plaintiff the agreed upon liquidated damages amount, plus all costs Plaintiff incurred in enforcing the indemnity.

65.    The Parties' inclusion of the additional indemnity language in the last sentence of their Liquidated Damages provision indicates the Parties' intent that the liquidated damages amount are due and payable immediately upon breach because the additional indemnity language increases Defendant's liability to Plaintiff if said sums are not promptly paid and Plaintiff incurs costs reasonably associated with compelling Defendant to pay the same.

66.    Despite demands from Plaintiff and Plaintiff's efforts to reach an amicable out of court resolution with Defendant, Defendant failed to pay Plaintiff the agreed upon liquidated damages amount.

67.    The agreed upon Liquidated Damages amount relates directly to the Produce Plaintiff contracted to purchase from Defendant.

68.    As a direct and proximate result of Defendant's aforementioned false and misleading statements or representations, Plaintiff was harmed and suffered damages.

69.    Defendant's actions and inactions as alleged in this Count II constitute both a material breach of the Parties' Agreement and a violation by Defendants of Section 2 of PACA.

COMPLAINT

- 12 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

70.    As a direct and proximate result of Defendant's violation of Section 2 of PACA, Plaintiff incurred damages in an amount to be determined at trial, but in amount not less than the liquidated amount of $400,000.00, plus an additional award of prejudgment interest, exemplary or punitive damages, and all costs of enforcement and collection, including reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
### Unfair Trade Practice – Failure to Perform Specification or Duty (§ 499b(4))

71.    Plaintiff re-alleges paragraphs 1 through 14, 23 through 35 and 47 through 70 as though fully set forth herein.

72.    As a PACA licensee and dealer of Produce, Defendant possessed a duty to "perform any specification or duty, express or implied, arising out of any undertaking in connection with any [Produce] transaction" with Plaintiff.

73.    As a PACA licensee and dealer of Produce, Defendant possessed a duty to "truly and correctly account" to Plaintiff.

74.    As a PACA licensee and dealer of Produce, Defendant possessed a duty to "exercise reasonable care and diligence in disposing of the Produce promptly and in a fair and reasonable manner."

75.    As a PACA licensee and dealer of Produce, Defendant possesses an duty to preserve:

> [b]ills of lading, diversion orders, paid freight and other bills, car manifests, express receipts, confirmations and memorandums of sales, letter and wire correspondence, inspection certificates, invoices on purchases, receiving records, sales tickets, copies of statements (bills) of sales to customers, accounts of sales, papers relating to loss and damage claims against carriers, records as to reconditioning, shrinkage and dumping, daily inventories by lots, a consolidated record of all rebates and allowances made or received in connection with shipments handled for the account of another, an itemized daily record of cash receipts, ledger records in which purchases and sales can be verified, and all other pertinent papers relating to the shipment, handling, delivery, and sale of each lot of

COMPLAINT                                    - 13 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

produce shall be preserved for a period of 2 years.[4]

76.    As a PACA dealer and broker of Produce, Defendant possesses a duty, whenever five percent or more of a Produce shipment is dumped, to obtain an official certificate, or other adequate evidence, to prove the subject Produce was actually without commercial value, unless there is a specific agreement to the contrary between the parties.[5]

77.    As a PACA dealer and broker of Produce, Defendant possesses a duty to deal with Plaintiff in good faith, which means honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade, which is defined, *inter alia*, in Section 2 of PACA.

78.    As a PACA dealer and broker of Produce, Defendant possessed a statutory duty not to make, for a fraudulent purpose, any false or misleading statement to Plaintiff in connection with any and all Produce transactions between the parties.

79.    Defendant breached its obligation of good faith and fair dealing by, *inter alia*, making false and misleading statements to Plaintiff for the fraudulent purpose of inducing Plaintiff to enter into the Agreement, securing revenue for 8 growing acres within its Facility at a fixed price until a better price could be obtained, and outright failing to deliver any of the Produce Plaintiff contracted with Defendant to purchase pursuant to the terms of the Agreement.

80.    Defendant breached its obligation to truly and correctly account to Plaintiff by, *inter alia*, failing or refusing to provide Plaintiff with any documents or verifiable means of explaining what happened to the Produce Defendant allegedly planted, grew, cultivated and harvested from Plaintiff's seeds and subsequently failed or refused to deliver to Plaintiff without reasonable or just cause.

---

[4] 7 C.F.R. § 46.15
[5] 7 C.F.R. § 46.22 and 7 C.F.R. § 46.2.

COMPLAINT

- 14 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

81. Defendant breached its obligation to exercise reasonable care and diligence in disposing of the Produce promptly and in a fair and reasonable manner by, *inter alia*, failing or refusing to provide Plaintiff with any documents or verifiable means of explaining what happened to the Produce Defendant allegedly planted, grew, cultivated and harvested from Plaintiff's seeds and subsequently failed or refused to deliver to Plaintiff without reasonable or just cause.

82. Defendant breached its obligation to properly dispose of any Produce by, *inter alia*, failing or refusing to provide Plaintiff with any official or certified documents or verifiable means of explaining what happened to the Produce Defendant allegedly planted, grew, cultivated and harvested from Plaintiff's seeds and subsequently failed or refused to deliver to Plaintiff.

83. Defendant's actions and inactions as alleged in this Count III constitute both a material breach of the Parties' Agreement and a violation by Defendants of Section 2 of PACA.

84. As a direct and proximate result of Defendant's violation of Section 2 of PACA, Plaintiff incurred damages in an amount to be determined at trial, but in amount not less than the liquidated amount of $400,000.00, plus an additional award of prejudgment interest, exemplary or punitive damages, and all costs of enforcement and collection, including reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully seeks the entry of an Order providing as follows:

A. As to the First Cause of Action, entering a Judgment in favor of Plaintiff and against the Defendant for its unjustified failure to deliver Produce to Plaintiff under PACA in the amount of not less than $400,000.00, plus an additional award of prejudgment interest, punitive or exemplary damages, and all costs of enforcement and collection, including reasonable attorneys' fees;

B. As to the Second Cause of Action, entering a Judgment in favor of Plaintiff and against the Defendant for making false and misleading statements in connection with its Produce

COMPLAINT

- 15 -

WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
JASON R. KLINOWSKI, ESQ.
800 SHADES CREEK PARKWAY, SUITE 400
BIRMINGHAM, AL 35209
TEL: (205)874-0371 – FAX: (205)874-3287

related dealings with Plaintiff in the amount of not less than $400,000.00, plus an additional award of prejudgment interest, punitive or exemplary damages, and all costs of enforcement and collection, including reasonable attorneys' fees;

C.    As to the Third Cause of Action, entering a Judgment in favor of Plaintiff and against the Defendant for a breach its expressed or implied duties under PACA, including, but not limited to a breach of its obligation of good faith and fair dealing under PACA, in the amount of not less than $400,000.00, plus an additional award of prejudgment interest, punitive or exemplary damages, and all costs of enforcement and collection, including reasonable attorneys' fees; and

D.    Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this 29th day of May, 2018.

Kathryn S. Diemer, Esq.
DIEMER & WEI, LLP
100 W. San Fernando Street, Suite 555
San Jose, California 95113
Tel: (408) 971-6270
Email: kdiemer@diemerwei.com
*Attorney for the Plaintiff*

Of counsel:

Jason R. Klinowski, Esq.
(*Pro Hac Vice to be requested*)
WALLACE, JORDAN, RATLIFF,
& BRANDT, LLC
800 Shades Creek Parkway
Suite 400
Birmingham. Alabama 35209
Telephone:  (205) 870-0555
Facsimile:  (205) 874-3278
Email: jklinowski@wallacejordan.com

COMPLAINT

- 16 -