**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MASTRONARDI INTERNATIONAL LIMITED, | CASE NO. 1:18-cv-00737-AWI-JLT |
| Plaintiff, | ORDER GRANTING DEFENDANT'S REQUEST TO SEAL |
| v. | |
| SUNSELECT PRODUCE (CALIFORNIA), INC., | (Doc. No. 45) |
| Defendant. | |

## I.  Introduction

Plaintiff Mastronardi International Limited ("Mastronardi") filed a motion for an anti-arbitration injunction against Defendant SunSelect Produce (California), Inc., ("SunSelect"). See Doc. No. 40.  Mastronardi's motion asks the Court to enjoin SunSelect from participating in an arbitration proceeding that is pending between Mastronardi and SunSelect in Canada and, according to Mastronardi, involves the same allegations and claims underlying this lawsuit. Mastronardi's motion is pending before the Court.  In response to Mastronardi's motion, SunSelect filed an opposition brief.  In conjunction with filing its opposition brief, SunSelect also asked the Court to seal certain documents that, according to SunSelect, are relevant to the opposition brief but must remain confidential. See Doc. No. 45.  SunSelect's sealing request is now before the Court.

The certain documents that SunSelect wants to file under seal are, first, documents concerning the aforementioned arbitration proceeding and, second, an unredacted version of SunSelect's aforementioned opposition brief.  The unredacted version of SunSelect's opposition brief reveals and discusses certain information about the arbitration proceeding, and that information was redacted by SunSelect in the redacted version of the opposition brief. See Doc.

No. 44 (SunSelect's redacted version of the opposition brief). As for the documents concerning

the arbitration proceeding, those documents include the following: (1) a declaration from Thomas

Moran, who is SunSelect's attorney in the arbitration proceeding, that discusses the procedural

history of the arbitration proceeding; (2) the "arbitration notice," which discusses the dispute and

requested remedies underlying the arbitration proceeding, and which includes a copy of the tomato

agreement entered into between SunSelect and Mastronardi; (3) the "Statement of Claim" in the

arbitration proceeding, which discusses the allegations and claims underlying the arbitration

proceeding; (4) multiple written orders from the arbitration tribunal concerning the tribunal's

jurisdiction, the parties' arbitration discovery disputes, and the procedural schedule for the

arbitration proceeding; and (5) discovery requests and objections made in the arbitration

proceeding.

SunSelect's argument for why sealing is warranted goes as follows. In order for SunSelect

to demonstrate to the Court that Mastronardi's requested anti-arbitration injunction should not be

issued against SunSelect, SunSelect must present to the Court certain facts and evidence

concerning the arbitration proceeding. This is because, according to the Ninth Circuit's anti-suit

injunction standard, a key inquiry for the Court is whether the allegations and claims in the

arbitration proceeding are functionally the same as the allegations and claims in this lawsuit. If

the allegations and claims are not the same, then an anti-arbitration injunction is not warranted

under the Ninth Circuit's standard. Here, however, the facts and evidence that SunSelect must

present to the Court in order to address this key inquiry — namely, the facts and evidence

concerning the arbitration proceeding — are confidential. They are confidential because the

Canadian tribunal that is adjudicating the arbitration proceeding, the British Columbia

International Commercial Arbitration Centre, requires SunSelect and Mastronardi to keep

confidential: (1) all evidence and materials created for the purpose of the arbitration proceeding;

(2) all documents produced in the arbitration proceeding; and (3) the eventual arbitration award.

Therefore, SunSelect must file these facts and evidence under seal, not publicly, as required by the

arbitration tribunal.

# II. Discussion

All documents filed with the Court are presumptively public. <u>San Jose Mercury News, Inc. v. U.S. Dist. Court</u>, 187 F.3d 1096, 1103 (9th Cir. 1999). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations omitted). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong public access presumption. <u>Id.</u>

Two standards generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents attached to summary judgment briefs, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as some discovery documents:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

<u>Kamakana v. City & Cty. of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); <u>see also</u> <u>Ctr. for Auto Safety, LLC</u>, 809 F.3d at 1098; <u>Pintos</u>, 605 F.3d at 677.

Here SunSelect assumes that the compelling reasons standard is the applicable standard for its sealing request. <u>See</u> "SunSelect's Confidential Request to Seal Documents." Because SunSelect implicitly asks the Court to apply the compelling reasons standard, and because the compelling reasons standard results in greater access to the public, the Court will apply the compelling reasons standard to SunSelect's sealing request. <u>See also</u> <u>Ctr. for Auto Safety</u>, 809 F.3d at 1100-01 (recognizing that the compelling reasons standard may apply to motions for preliminary injunctions because such motions may directly concern the merits of the lawsuit).

Applying the compelling reasons standard here, the Court concludes that sealing is warranted. This is largely because the Canadian arbitration rules require confidentiality. The relevant rule from the British Columbia International Commercial Arbitration Centre states,

> Unless the parties expressly agree in writing to the contrary, the parties agree to keep confidential all awards arising from the proceedings, together with all

3

> evidence and materials created for the purpose of the arbitration and all other documents produced by another party in the proceeding not otherwise in the public domain, except and to the extent that disclosure is required by law, is required to protect or pursue a legal right or is required to enforce or challenge an award in legal proceedings before a court or other competent judicial authority.

The British Columbia International Commercial Arbitration Centre, International Commercial Arbitration Rules of Procedure, Art. 18(3) (2000). Because the parties appear to be bound by this rule in their Canadian arbitration proceeding, the compelling reasons standard for sealing is satisfied, subject to the limitations noted infra. GEA Grp. AG v. Flex-N-Gate Corp., 740 F.3d 411, 420 (7th Cir. 2014) (Posner, J.) (holding as a matter of comity that the presumption to public access to the judicial record was overcome by a German arbitration rule that required confidentiality of the arbitration evidence, which the parties were bound by).

The Court warns the parties that the foregoing arbitration confidentiality rule has its limits in this lawsuit. Facts and evidence that are introduced in the arbitration proceeding will not necessarily be allowed to be kept confidential in this lawsuit if those facts and evidence are material to deciding the merits of this lawsuit. Ctr. for Auto Safety, 809 F.3d at 1098. Additionally, when the Court rules on Mastronardi's pending anti-arbitration injunction motion, the Court will likely consider and discuss some of the facts of the arbitration proceeding, as is required by the Ninth Circuit's anti-suit injunction standard. See Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 881 (9th Cir. 2012) (stating that the first inquiry for determining whether an anti-suit injunction is warranted is determining whether the issues in the two actions are the same). See also Ctr. for Auto Safety, 809 F.3d at 1100-01 ("Case law is also replete with examples of motions for preliminary injunctions that reflect the need for the public right of access — to provide the public with a more complete understanding of the judicial system and a better perception of its fairness.") (citations omitted) (emphasis added).

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.      SunSelect's request to seal is GRANTED;

2.      The Clerk of Court shall FILE UNDER SEAL the following documents:

    a.  "SunSelect's Confidential Request to Seal Documents," (PDF pages 1-5);

b. "Exhibit 1," (PDF pages 6-32), which is the unredacted version of "SunSelect's Opposition to Mastronardi's Motion for Preliminary Injunction";

c. "Exhibit 2," (PDF pages 33-120), which includes: (1) the declaration from Thomas Moran; (2) the "arbitration notice"; (3) the "Statement of Claim" in the arbitration proceeding; (4) the multiple written orders from the arbitration tribunal; and (5) discovery requests and objections made in the arbitration proceeding.

IT IS SO ORDERED.

Dated:   January 28, 2020

_____

SENIOR  DISTRICT  JUDGE